ADELINE J. CRAWFORD, Appellee

v.

FRANCIS B. CRAWFORD, Defendant-Appellant

No. 12225

United States Court of Appeals

Third Circuit

Submitted January 29, 1958

Decided April 14, 1958

*See, also, 254 F.2d 113*

VIVIAN FLAMHAFT, New York City, *for appellant*

JORGE RODRIGUEZ, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, MAGRUDER and STALEY, *Circuit Judges*

MAGRUDER, *Circuit Judge*

Adeline J. Crawford and Francis B. Crawford were married in 1941. A child, Nancy, was subsequently born of this union.

The parties to the marriage became estranged, and on December 13, 1950, they executed a separation agreement, which recited that the parties thereto were desirous of settling their property rights and the question of the custody of the child, "and the Husband is desirous of making provision for the maintenance and support of the Wife and for the maintenance, support and education of the Child". Clause 1 of the agreement provided that the parties "shall at all times hereafter live separate and apart, . . . as if he or she were sole and unmarried." It was provided in the fourth clause that the wife should have custody of the child, and control, supervision and direction of her upbringing, subject, however, to a right of visitation in the husband one day each month. Clause 5 provided as follows:

"The Husband shall pay to the Wife the sum of One hundred and sixty Dollars ($160.00) per month, payable on the 7th day of each and every month, commencing February 7, 1951, for the support and maintenance of the Wife and for the support, maintenance and education of the Child.

"(a) All payments by the Husband to the Wife as provided in this Paragraph 5 of the agreement shall cease and terminate in the event that

"(i) The Wife at any time hereafter remarries; or

"(ii) The Child dies, marries or attains her majority.

"(b) The obligation of the Husband with respect to payments hereunder and the rights of the Wife to receive such payments shall not survive their respective deaths."

It was also stated that "except as otherwise provided herein, all liability of whatsoever nature on the part of the Husband to the Wife, past, present and future, actual or potential, whether arising from their relationship as

husband and wife, or otherwise, shall cease and terminate absolutely and forever."

Clause 11 contained the following terms:

"The provisions of this agreement shall not be construed to preclude or bar either of the parties hereto from maintaining a suit for absolute divorce against the other in any jurisdiction upon any lawful grounds whatsoever; provided, however, that if consistent with the rules and practice of the court granting such decree of absolute divorce, the terms and provisions of this agreement, particularly with reference to the support and maintenance of the Wife and custody, support maintenance and education of the Child are concerned, shall be incorporated in such decree. No decree so obtained by either party shall in any way affect this agreement or any of the terms, covenants or conditions thereof, this agreement being absolute, unconditional and irrevocable and both parties intending to be legally bound thereby."

The separation agreement is not a model of logical symmetry. For instance, although the announced purpose was to provide for the maintenance and support both of the mother and of the child, the payment obligation, in its entirety, terminated upon the death of either. But that is the way the document was written.

The wife brought a divorce action in the District Court of the Virgin Islands on the ground of cruel and abusive treatment. The husband, who was never a resident of the Virgin Islands, filed a notice of appearance, answer and waiver, and admitted the execution of the aforesaid separation agreement. In that divorce proceeding the District Court issued its decree on February 13, 1951, dissolving absolutely the marriage between the parties and further providing as follows:

"Ordered adjudged and decreed that the plaintiff be and hereby is granted the custody of their child Nancy Jane Crawford, further ordered that the defendant shall have reasonable rights of visitation. That the defendant shall pay to the plaintiff the sum of $160.00 each and every month beginning with the 7th day of March, 1951, as and for the support of the plaintiff and their child,

until such time as the child shall attain her majority or be married. Said payments shall further cease upon the decease of either the child or the plaintiff or the remarriage of the plaintiff herein."

The said decree of divorce did not incorporate by reference the provisions of the separation agreement. Nor did the divorce decree refer to that agreement at all. Sometime after the rendition of the divorce decree, the ex-wife and child left the jurisdiction of the Virgin Islands, and have never returned.

Subsequently the ex-wife was committed to Harlem Valley State Hospital, Wingdale, New York, as a mentally ill person. The ex-husband on March 22, 1955, brought the child to his home in Larchmont, New York, where she has since been residing. In a proceeding in the Supreme Court of the State of New York on January 24, 1956, that court entered a decree "that the temporary custody of Nancy Joan Crawford, who has been in the care of the petitioner since March 22, 1955, be and the same hereby is awarded to her father, Francis B. Crawford, petitioner herein, during the period of respondent mother's commitment".

Thereafter the ex-husband filed an application before the District Court of the Virgin Islands, supported by an affidavit and a supplemental affidavit of the applicant, with exhibits annexed thereto, seeking to have the District Court modify the aforesaid decree of divorce so as to delete in its entirety therefrom the provision for payment by the applicant to the ex-wife of $160 per month. The District Court, after hearing counsel for the ex-husband and a duly appointed guardian ad litem representing Adeline J. Crawford, entered an order on February 15, 1957, modifying the said terms of the divorce decree so as to provide that ·

"beginning on March 22, 1955 and continuing during all the time the child Nancy Jane Crawford is in the temporary custody of.

the defendant pursuant to the order of the Supreme Court of New York, the defendant shall pay to the plaintiff for the plaintiff's support the sum of $80.00. That if at any time the custody of the child is again restored to the plaintiff, the defendant, from the date she is again with the plaintiff, shall pay to the plaintiff the sum of $160.00 for the support of the plaintiff and their child, until such time as the child shall attain her majority or be married. Said payments shall further cease upon the decease of either the child or the plaintiff, or the remarriage of the plaintiff herein."

The ex-husband took his appeal from this order modifying the divorce decree. His dissatisfaction with the order was that, instead of deleting altogether the provision for payments by the ex-husband, the District Court merely cut the provision for payments in half, upon the evident assumption that the original requirement to pay $160 a month had been intended to provide in equal parts for the maintenance and support of both the ex-wife and of the child.

Appellant's contention is that he never intended in the separation agreement to make any provision for the maintenance and support of Adeline J. Crawford; that the term calling for the payment of $160 per month was "solely for the support of the child and for the use of the wife in furnishing and maintaining a home for the child", and was therefore payable to her "only while she cared for and maintained a home for the child." Assuming, for present purposes, that the divorce court was bound by the terms of the separation agreement, still we find no such limiting condition in the terms of clause 5 of the agreement. Certainly it was specifically provided that the payments to Adeline J. Crawford were to cease if she remarried, despite the fact that she might be continuing to furnish a home and support for the child. Furthermore, such supposed condition is contrary to the preliminary recital in the separation agreement to the effect that the husband was desirous of making provision *"for the main-*

*tenance and support of the Wife and for the maintenance, support and education of the Child".* (Emphasis added.)

Upon the whole, it seems that the District Court was well warranted in concluding that the monthly payments of $160 were intended for two different purposes, maintenance and support of Adeline J. Crawford, and maintenance and support of the child, neither purpose depending on the other for its continuance, except as specifically provided in the agreement. When by the decree of the Supreme Court of New York the temporary custody of the child was awarded to the ex-husband, with the consequent burden upon him to supply the child's maintenance and support, we could hardly say that the District Court committed an abuse of discretion in amending the terms of the divorce decree to take account of that subsequent development by providing that, so long as the child remained in the defendant's temporary custody, he should be obliged to pay to the appellee only the sum of $80 per month.

A judgment will be entered affirming the order of the District Court.